```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA      : Cr. No. 06-280 (ESH)
                              :
          V.                  :
   MEHRZAD ARBANE             :
                              :
      Defendant               :
```

GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Introduction

The United States respectfully moves this court to order the pretrial detention of defendant MEHRZAD ARBANE pursuant to 18 U.S.C. § 3141(e). As set forth herein, there is a statutory presumption in favor of detention because the defendant is charged with Conspiracy to Distribute and Distribution for the Purpose of Unlawful Importation Into the United States Five Kilogram or More of Cocaine, an offense which carries a maximum penalty of more than ten years imprisonment. Moreover, the defendant has no lawful ties to the United States, if released from custody the defendant would abscond making it impossible to locate and would pose a danger to the community unless he is detained.

Factual Background

The charges in this case arise from evidence obtained during a multi-jurisdictional investigation targeting illegal drug transportation elements in South and Central America. During the investigation, information from intelligence provided by a

government informant led to the indictment of the defendant in the United States.

The evidence in this case establishes that the defendant, in 1999 began engaging in various illegal conduct throughout Central America, South America and Mexico. One of his criminal ventures included shipping drugs from Ecuador to Mexico, for ultimate delivery to the United States. These transactions began in 1999 and ended in January 8, 2002, when the Ecuadorian police seized 261 kilograms of cocaine in an apartment under the control of the defendant. In addition to the recorded consensual conversations, testimony will be provided by a cooperating witness that worked with the defendant to smuggle the cocaine into the United States.

## Legal Analysis

A.  Pretrial Detention Is Necessary To Assure the Defendant's Appearance At Trial And The Safety of the Community

The federal bail statute authorizes a defendant's pretrial detention when no "condition or combination of conditions will reasonably assure the appearance of the person .. . and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute further provides that there is a rebuttable presumption that the defendant should be detained if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years of more is prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e).

The existence of the indictment in this case establishes probable cause as a matter of law. See e.g., United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Moreover, the Government is permitted to proceed by proffer to establish other facts relevant to the bail decision. United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Several other factors in the detention statute also support the Government's request for pretrial detention. As an initial matter, the weight of the evidence against the defendant is substantial. 18 U.S.C. § 3142(g)(1). The indictment in this case is based upon recorded conversations and the testimony of an individual that worked with the defendant in smuggling the cocaine into the Untied States.  Indeed, the defendant was recorded speaking in "coded" conversations to direct drug movements.

Similarly, the fact that the defendant is a Iranian national with no current ties to the United States argues in favor of his detention pending trial. 18 U.S.C. § 3142(g)(3)(A). See United States v. Townsend, 897 F.2d 989 (9th Cir. 1990).

Several courts have ordered pretrial detention of foreign defendants without any contacts to the United States. E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986)(Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably assure his appearance at trial);

<u>United States v. Geerts</u>, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was citizen of Netherlands who faced possibility of approximately fifty years imprisonment on customs related charges and had no significant ties to United States; he thus presented serious risk of flight which justified pretrial detention).

Moreover, there is compelling reasons to believe that if the defendant would be released, he would abscond and it would be almost impossible to locate him again. The indictment in this case was returned on September 21, 2006. The defendant is not a United States citizen, he is an Iranian national with a detainer in place. He has traveled extensively through Central and South America and has contacts and businesses all over the world. In addition the defendant alluded authorities using false names and addresses.

Finally, the defendant constitutes a clear and present danger to the community. The federal courts have recognized that drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug related activities if release on bail and thus, constitute a danger to the community. <u>See</u> <u>United States v. Knight</u>, 636 F.Supp. 1462 (S.D. Fla. 1986). <u>Accord</u> <u>United States v. Creekmore</u>, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.).

## Conclusion

For all of the foregoing reasons, the Government respectfully requests that the motion to detain the defendant

without bond pending trial be granted.

                Respectfully submitted

                Kenneth Blanco, Chief
                Narcotics and Dangerous Drug Section

                _____

                Carmen Colón
                Robert Spelke
                Trial Attorney
                Narcotics and Dangerous Drug Section
                U.S. Department of Justice
                1400 New York Avenue, N.W.
                Suite 1100
                Washington, D.C.  20005
                (202) 353-4425

                            CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion To Detain Defendant Pending Trial was faxed to Neil M. Schuster, Esquire, counsel for defendant Mehrzad Arbane on October 3, 2006.

                _____

                Carmen Colón