```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES                       : Cr. No. 06-280 (ESH)
                                    :
     V.                             :
                                    :
MEHRZAD ARBANE                      :
```

GOVERNMENT'S MOTION TO REQUIRE DEFENDANT TO SUBMIT A FINANCIAL
ACCOUNTING TO THE COURT UNDER THE CRIMINAL JUSTICE ACT

The United States respectfully moves this Court to require defendant Mehrzad Arbane to submit a full and complete financial accounting to this Court in order to justify the appointment of his counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. Section 3006A. As set forth herein, the defendant has the burden of proof to demonstrate eligibility under the CJA and unless the defendant submits sufficient information to satisfy this burden, this Court should remove court appointed counsel from the case.

## Factual Background

The defendant in this case has been charged with conspiracy to distribute and distribution for the purpose of unlawful importation into the United States five kilograms or more of cocaine, in violation of U.S. C. Section 963 and 959.

The evidence in this case will establish that beginning in 1999 the defendant began to engage in various illegal conduct throughout Central America, South America and Mexico. One of his criminal ventures included shipping cocaine from Ecuador to Mexico, for ultimate delivery to the United States. This illegal venture ended in January 8, 2002, when the Ecuadorian police seized 261 kilograms of cocaine in an apartment under the defendant's control. The evidence against him will include recorded consensual conversations, as well as testimony from a cooperating witness that worked with the defendant to smuggle the cocaine into the United States.

The court appointed counsel under the CJA Act without any inquiry into the nature or extent of the defendant's assets and did not require the defendant to make any disclosure of financial information. The issue of the defendants' eligibility under the Criminal Justice Act was not raised before the court.

On October 4, 2006, the defendant was ordered held without bond after a detention hearing before Magistrate Robinson.

The Government believes that the defendant should be required to submit a financial disclosure statement to the Court immediately so that his eligibility under the Criminal Justice Act can be determined.

<u>Legal Analysis</u>

The Sixth Amendment guarantees that the accused in a criminal prosecution has the right to the assistance of counsel for his defense. <u>Johnson v. Zerbst</u>, 304 U.S. 458, 463 (1938). <u>See</u> U.S. CONST. amend. VI.  The Supreme Court has held that this protection includes the right to court appointed counsel for defendants who cannot afford to retain an attorney. <u>Gideon v. Wainwright</u>, 372 U.S. 335, 342 (1963). Congress enacted the Criminal Justice Act (CJA) to implement this right. <u>See</u> <u>United States v. Santiago-Fraticelli</u>, 818 F.2d 27, 29 (D. Puerto Rico 1993) (CJA was passed to help facilitate the constitutional guarantee set forth in the Sixth Amendment).  The Act provides that a defendant charged with a federal felony is entitled to appointment of counsel at the public expense if the person "is financially unable to obtain counsel." 18 U.S.C. § 3006A(b).

In a typical case, the accused completes a standard financial disclosure document, referred to as a CJA Form 23, to determine whether eligibility for the appointment of counsel. <u>See</u> <u>United State v. Salemme</u>, 985 F.Supp. 197, 201 (D. Mass. 1997). <u>Accord</u> <u>United States v. Gravatt</u>, 868 F.Supp. 585, 589 (3rd Cir. 1989).

Thus, the Court can make other "appropriate inquiry" into the defendant's financial condition. <u>United States v. Sarsoun</u>,

834 F.2d 1358 at 1361(7th Cir. 1987). Regardless of what procedure is used to determine eligibility, the burden is on the defendant to demonstrate that he is financially unable to obtain counsel.  United States v. Peister, 631 F. 2d 658, 662 (10th Cir. 1980); United States v. Anderson, 567 F.2d 839, 840 (8th Cir. 1977);  United States v. Harris, 707 F.2d 653, 660 (2d Cir.); United States v. Krzyske, 836 F.2d 1013, 1018 (6th Cir. 1988).

In this case, the defendant should be ordered to submit a complete financial statement to the Court. The failure to do so should result in the counsel currently appointed to represent them being removed immediately from the case. See e.g, United States v. Krzyske, 836 F.2d 1013, 1018 (6th Cir. 1988)(CJA counsel removed from case); Harris, 707 F.2d at 559-60; United States v. Ellsworth, 547 F.2d at 1097-98; Anderson, 567 F.2d at 840.[1]

---

[1] Even assuming arguendo that defendants' assert a bona fide claim of privilege with respect to disclosure of their assets, that would not relieve them from making a financial disclosure to the court. Numerous federal cases have held that when a defendant asserts that submitting a financial statement would implicate their Fifth amendment right against self-incrimination, the court should review the financial information *in camera.* See United States v. Anderson, 567 F.2d 839 (8th Cir. 1977); United States v. Ellsworth, 547 F.2d 1096, 1098 (9th Cir. 1976).

## Conclusion

Based upon the foregoing, the Government respectfully requests this Court to order the defendants to complete a financial disclosure application and submit it to the Court in order to determine their eligibility for court appointed counsel.

Respectfully submitted

KENNETH BLANCO, Chief
Narcotic and Dangerous Drug Section

_____

Robert Spelke
Carmen D. Colón
Trial Attorneys
Narcotic and Dangerous Drug Section
1400 New York Avenue, N.W. #800
Washington, D.C. 20005

_____