IN THE
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| | :    CR. NO. 06-280 (ESH) |
| MEHRZAD ARBANE, | : |
| Defendant. | : |

**SUPPLEMENT TO DEFENDANT'S
MOTION TO DISMISS**

Defendant, Mehrzad Arbane, is filing this supplement in light of a recent decision by the Seventh Circuit, <u>United States v. Calabrese</u>, No. 07-1962, 2007 WL 1675842 (7th Cir. June 12, 2007), that is relevant to the issues before the court in Mr. Arbane's case.  In <u>Calabrese</u>, defendants who had previously been convicted of RICO conspiracies, brought pretrial double jeopardy challenges to a subsequent RICO indictment covering a much longer time period, including fifteen and thirteen years after the original indictments.

The court began its discussion by reviewing the purpose of the Double Jeopardy Clause:

> The purpose of the Fifth Amendment's double jeopardy clause is to prevent the government from harassing people by prosecuting them for the same conduct that was the subject of a prior prosecution.  The purpose is most strongly engaged when the prior prosecution resulted in an acquittal; for then, were it not for the double jeopardy defense, the government could keep retrying the defendant until a jury convicted him-with enough throws of a pair of dice the desired combination is bound to appear eventually.

<u>Id</u>. at *1.  The court stated that the question was "how great a difference there is between the conduct charged in the previous prosecutions and in the present one." <u>Id</u>. at *2.  The court

emphasized that there was no double jeopardy problem with acts that "show that the defendants continued conspiring after the previous conviction." Id.

The court analyzed the unique nature of RICO charges, and denied the appeal because different organizations were involved and the acts charged post-dated the previous convictions. However, the court stated:

> As the overlap between two prosecutions of the same person grows, however, the characterization of the two proceedings as charging separate criminal acts becomes less convincing. Finally a point is reached at which the differences are minor and it seems that the government contrived the differences to evade the prohibition against placing a person in double jeopardy. For while the government is not required to charge in its first prosecution of a person all the possible offenses that the facts in the government's possession would enable it to charge . . . , United States v. Dixon, supra, 509 U.S. at 704-05, it can still be precluded from bringing "a later prosecution for a separate offense where the Government has lost an earlier prosecution involving the same facts." Id. at 705; see United States v. DeCologero, supra, 364 F.3d at 18; United States v. Lopez, 356 F.3d 463, 467 (2d Cir. 2004) (per curiam); United States v. Ciancaglini, supra, 858 F.2d at 930. But we are not at that point in this case, and this apart from the fact that the government did not lose the previous cases.

Id. at *4. The court also noted the "five-factor" test used by "many cases" to evaluate such claims. Id. at *5.

Judge Wood concurred in part and dissented in part. She began by agreeing with the majority that "there can be no question of double jeopardy for acts that took place as part of the continuation of the conspiracy after the time periods covered by the earlier indictment." Id. at *6. However, in a discussion particularly relevant to Mr. Arbane's case, Judge Wood reviewed the law with regard to overlapping time periods, stating:

> This court has already held in United States v. Thornton, 972 F.2d 764 (7th Cir. 1992), that the government may not bring one narrow charge first and then later bring a broader charge that entirely encompasses the first one:

> The government has taken great pains to emphasize that the conspiracy alleged in the Pennsylvania indictment lasted only a few months, involved many fewer people, and was therefore much smaller in scope than the conspiracy alleged in the Illinois indictment, which involved some forty plus coconspirators, trafficking to numerous states, and encompassed a seven-to-nine-year time frame. Moreover, the government emphasized in the hearing before the district judge that the agent involved in the [narrower] Pennsylvania indictment knew nothing about the activities alleged in the [broader] Illinois indictment. It appears that in making such arguments the government is implying that even assuming that the Pennsylvania indictment charged the same conspiracy as the Illinois indictment, there is no double jeopardy problem because the first-charged conspiracy was only a small subset of the later-charged conspiracy and because the government did not know that this was one conspiracy. We must remember, however, the double jeopardy clause imposes limits on a defendant's criminal exposure. In order to stay true to these finality requirements, the government cannot reprosecute a defendant for the same offense whenever it obtains broader evidence of criminal culpability.
>
> Id. at 765.

Id. at *8. Noting that the government was "content to rely" on the five-factor test used in the Seventh Circuit, Judge Wood found that the "overlaps" in the indictments were "considerable," and that it was "hard to resist the conclusion that these cases are about the same pattern of conduct." Id. at *9. She concluded that the "area of overlap is so substantial that the two cases must be regarded as functionally the same," and thus she would have dismissed the portions of the indictment that covered the earlier time periods of the previous indictments. Id. at *9-10.

Judge Wood's analysis is directly on point to Mr. Arbane's case. Mr. Arbane was acquitted, by the Eleventh Circuit, of the first conspiracy charge, and the present indictment charges the same facts in a time period that completely encompassed the previous indictment, and ended on the same day. Thus, even under the majority in Calabrese it is clear that the

government has charged the same conspiracy. Therefore, for all the reasons set forth in his original motion, his reply, and this supplement, defendant respectfully requests that the indictment in this case be dismissed.

                                            Respectfully submitted,

                                            "/s/"

A.J. KRAMER
Federal Public Defender
DANIELLE JAHN
Assistant Federal Public Defender
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208-7500